UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION
*Electronically Filed*

| | |
|---|---|
| METRO FIBERNET LLC, )<br>)<br>Plaintiff )<br>)<br>vs. )<br>)<br>ALPHA MECHANICAL SERVICE, LLC )<br>d/b/a ALPHA ENERGY SOLUTIONS, )<br>)<br>Defendant ) | Case No: 3:23-CV-00038-RLY-MPB |

## ANSWER TO PLAINTIFF'S COMPLAINT

Defendant, Alpha Mechanical Service, LLC d/b/a Alpha Energy Solutions ("Alpha") by and through counsel submits the following Answer to Plaintiff Metro Fibernet, LLC's Complaint.

### PARTIES, JURISDICTION, AND VENUE

1. Defendant admits the allegations contained in Paragraph 1 of Plaintiff's Complaint.

2. Defendant admits the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3. Defendant states that the allegations contained in Paragraph 3 of Plaintiff's Complaint are legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations.

4. Defendant states that the allegations contained in Paragraph 4 of Plaintiff's Complaint are legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations.

5. Defendant denies the allegations contained in Paragraph 5 of Plaintiff's Complaint.

## FACTUAL BACKGROUND

6. Defendant admits the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7. Defendant denies the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8. Defendant admits the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9. Defendant admits the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10. Defendant is without knowledge sufficient to form a belief as to the allegations contained in Paragraph 10 of Plaintiff's Complaint, and therefore denies them.

11. Defendant denies the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12. Defendant admits that Plaintiff initially requested Defendant arrange for the purchase and installation of new HVAC Equipment. However, Plaintiff declined the quote and proposed system Defendant recommended. Plaintiff arranged for its own purchase and installation following that declination, so Defendant denies the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13. Defendant denies the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14. Defendant admits that Plaintiff paid JCI for the HVAC equipment, but denies that Alpha ordered the HVAC equipment.

15. Defendant admits that it knew the static pressure requirements for the Facility and told same to MetroNet and JCI. Defendant denies the remaining allegations contained in Paragraph 15 of Plaintiff's Complaint.

16. Defendant denies the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17. Defendant denies that Alpha approved the purchase submittals. Defendant admits the remaining allegations contained in Paragraph 17 of Plaintiff's Complaint.

18. Defendant denies the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19. Defendant denies that it did not provide CFM details and static pressure information to the supplier. Defendant admits the remaining allegations contained in Paragraph 19 of Plaintiff's Complaint.

20. Defendant denies the allegations contained in Paragraph 20 of the Complaint and states that the purchase submittals provided to it by JCI or MetroNet had no static pressure ratings.

## COUNT I- BREACH OF FIDUCIARY DUTY

21. Defendant states that the statement in Paragraph 21 of Plaintiff's Complaint does not require a response.

22. Defendant denies that it was tasked with purchasing new HVAC equipment. Defendant admits the remaining allegations contained in Paragraph 22 of Plaintiff's Complaint.

23. Defendant denies the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24. Defendant denies the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25. Defendant denies the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26. Defendant denies the allegations contained in Paragraph 26 of Plaintiff's Complaint.

27. Defendant denies the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28. Defendant denies the allegations contained in Paragraph 28 of Plaintiff's Complaint.

29. Defendant is without knowledge sufficient to form a belief as to the allegation that the equipment was not faulty. Defendant admits that the equipment was incompatible.

30. Defendant denies the allegations contained in Paragraph 30 of Plaintiff's Complaint.

31. Defendant denies the allegations contained in Paragraph 31 of Plaintiff's Complaint.

## COUNT II- NEGLIGENCE

32. Defendant states that the statement in Paragraph 32 of Plaintiff's Complaint does not

require a response.

33. Defendant denies the allegations contained in Paragraph 33 of Plaintiff's Complaint.

34. Defendant denies the allegations contained in Paragraph 34 of Plaintiff's Complaint.

35. Defendant denies the allegations contained in Paragraph 35 of Plaintiff's Complaint.

36. Defendant denies the allegations contained in Paragraph 36 of Plaintiff's Complaint.

37. Defendant denies the allegations contained in Paragraph 37 of Plaintiff's Complaint.

38. Defendant denies the allegations contained in Paragraph 38 of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Defendant expressly denies any allegations contained in Plaintiff's Complaint that are not specifically admitted herein.

### SECOND DEFENSE

Defendant states that Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

### THIRD DEFENSE

Defendant states that Plaintiff's claims are barred by its own bad faith and/or unclean hands.

### FOURTH DEFENSE

Defendant states that the Plaintiff's alleged harm or damages were caused in whole or in part by the conduct of Plaintiff or of third parties, and therefore, any award against Defendant should be reduced by virtue of contributory negligence, comparative negligence, contribution, apportionment, or indemnity.

### FIFTH DEFENSE

Defendant states that Plaintiff's claims may be barred, in whole or in part, because the alleged injuries or damages complained of by Plaintiff, if any, were caused by the superseding and/or intervening negligent and/or reckless acts and/or omissions of Plaintiff and/or third parties for whose conduct Defendant is neither responsible nor liable.

## SIXTH DEFENSE

Defendant states that Plaintiff has a duty to mitigate damages whenever possible. Any judgment received by Plaintiff (the entitlement to which Defendant specifically denies) must be reduced in proportion to Plaintiff's failure to mitigate damages. Plaintiff's damages claims, therefore, are barred in whole or in part by his failure to mitigate damages.

## SEVENTH DEFENSE

Defendant states that the claims of Plaintiff are barred, in whole or in part, by one or more of the affirmative defenses of waiver, res judicata or issue preclusion, laches, acquiescence, estoppel, or the applicable statute of limitations.

## EIGHTH DEFENSE

Defendant states that Plaintiff's claims are barred because Defendant acted in accordance with established custom and usage of Defendant's industry.

## NINTH DEFENSE

Defendant states that Plaintiff's claims are or may be barred by their own assumption of the risk.

## TENTH DEFENSE

Defendant states that the Professional Services Agreement executed between the parties contains an arbitration provision.  It is unclear based on the allegations in Plaintiff's Complaint, specifically Paragraph 7 of the Complaint, if Plaintiff's claims arise from the Professional

Services Agreement. Pending discovery, the arbitration provision in the agreement may be applicable. This Answer does not serve as a waiver of this arbitration provision, nor to any jurisdictional defenses.

## ELEVENTH DEFENSE

Defendant states that it pleads any matter which could be asserted as an affirmative defense or avoidance and reserves the right to amend his Answer in the event that discovery reveals additional defenses.

WHEREFORE, Defendant Alpha Mechanical Service LLC, d/b/a Alpha Energy Solutions respectfully demands as follows:

1. Plaintiff's claims against Defendant be dismissed with prejudice without delay; or
2. Trial by jury on all issues so triable; and
3. Proper apportionment of fault at trial; and
4. Recovery of any and all costs herein expended, including reasonable attorney's fees and
5. Any and all other relief to which Defendants may appear entitled.

Respectfully submitted,

*/s/ Jennifer M. Barbour*
Jennifer M. Barbour
M. Katherine Eschels
GRAY ICE HIGDON, PLLC
4600 Shelbyville Road, # 8022
Louisville, KY  40257
Phone: (502) 584-1135
jbarbour@grayice.com
keschels@grayice.com
***Counsel for Defendant Alpha Mechanical Service LLC, d/b/a Alpha Energy Solutions***

## **CERTIFICATE OF SERVICE**

   The undersigned certifies that the foregoing was filed on the 14th day of March, 2023, according to the rules of Electronic Court Filing (ECF) in effect for the Southern District of Indiana, which ECF system will provide a copy of same to all persons registered to receive service in this case, including but not limited to:

Jonathan A. Bont
Cameron S. Trachtman
Frost Brown Todd, LLP
111 Monument Circle
Suite 4500
Indianapolis, IN 46204
Ph: 317-237-3800
jbont@fbtlaw.com
ctrachtman@fbtlaw.com
*Counsel for MetroNet*

               */s/ Jennifer M. Barbour*
               ***Counsel for Defendant***